**William Leonel GALVEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72810.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2004.

Decided May 20, 2004.

David A. Rowe, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Alison Marie Igoe, Shelley R. Goad, Esq., Christine A. Bither, Esq., Audrey B. Hemesath, U.S. Department of Justice, Washington, DC, for Respondent.

Before: BROWNING, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM *

William Galvez petitions for review of the Board of Immigration Appeal ("BIA") denial of his motion to reopen/remand. An immigration judge had previously found Galvez removable from the United States for having committed a crime of moral turpitude and for his presence in the country without being admitted or paroled. We review denials of motions to reopen for abuse of discretion, *Monjaraz–Munoz v. INS*, 327 F.3d 892, 895 (9th Cir.), *amended by* 339 F.3d 1012 (2003), and claims of due process violations in removal proceedings de novo, *Taha v. Ashcroft*, 362 F.3d 623, 626 (9th Cir.2004). We deny the petition for review.

Galvez's claims are dependent on his contention that his admission to the use of various illicit drugs does not render him inadmissible and that he is therefore eligible for adjustment of status to lawful permanent resident. The relevant provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(2)(A)(i)(II), states that "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of ... a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance ... is inadmissible."

Galvez argues that this provision does not apply to him. He cites a portion of the State Department's Foreign Affairs Manual ("FAM"), which interprets the aforementioned section of the INA as not applying to "minor drug offense(s) relating to simple possession or use of controlled sub-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

stances" occurring while the alien was under the age of eighteen. *See* 9 FAM § 40.21(b) N2.1, *reprinted in* 17 Charles Gordon et al., *Immigration Law & Procedure* 98 (rev. ed.2004).

Because there is no ambiguity in the governing provision of the INA, we decline to defer to the State Department's interpretation. *See Padash v. INS,* 358 F.3d 1161, 1168 (9th Cir.2004); *Scales v. INS,* 232 F.3d 1159, 1164–66 (9th Cir.2000). Under 8 U.S.C. § 1182(a)(2)(A)(i)(II), Galvez's admission of drug use rendered him inadmissible. He is therefore ineligible for adjustment of status. *See* 8 U.S.C. § 1255(a).

**PETITION DENIED.**